IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jean M. Jasinski, individually and as Special Administrator on behalf of the Estate of Richard Jasinski, deceased,<br><br>    Plaintiff,<br><br>v.<br><br>AW Chesterton Company, a corporation;<br>CBS Corporation f/k/a Westinghouse Electric Corp.;<br>Durabla Manufacturing Company, a corporation;<br>Garlock Sealing Technologies, a corporation;<br>General Electric Company, a corporation;<br>Georgia Pacific Corporation, a corporation;<br>Goodrich Corporation (fka BF Goodrich Co.), a corporation;<br>Owens-Illinois Inc., a corporation;<br>Quin-T Corporation - New Hampshire, a corporation;<br>Uniroyal Goodrich Tire Company, a corporation;<br><br>    Defendants. | FILED: JULY 25, 2008<br>08CV4237<br>CASE NO. JUDGE MANNING<br>MAGISTRATE JUDGE ASHMAN<br>AEE<br><br><br><u>COMPLAINT</u> |

## COMPLAINT

Plaintiff Jean M. Jasinski (hereinafter "Plaintiff"), individually and as Special Administrator on behalf of the Estate of Richard Jasinski, deceased (hereinafter "Decedent"), by and through her attorneys, CASCINO VAUGHAN LAW OFFICES, LTD., complains of the defendants, AW Chesterton, a corporation; CBS Corporation f/k/a Westinghouse Electric Corp.; Durabla Manufacturing Company, a corporation; Garlock Sealing Technologies, a corporation; General Electric Company, a corporation; Georgia Pacific Corporation, a corporation; Goodrich Corporation f/k/a BF Goodrich Co., a corporation; Owens-Illinois Inc., a corporation; Quin-T Corporation - New Hampshire, a corporation; and Uniroyal Goodrich Tire Company, a corporation; as follows:

## JURISDICTION

1. Plaintiff Jean M. Jasinski is the surviving spouse of decedent, Richard Jasinski, is a citizen of Illinois and resides at 808 Sheria Drive, Joliet, IL 60435.

2. Decedent Richard Jasinski was an adult citizen and resident of Illinois.

3. Decedent, during his lifetime, was exposed to airborne asbestos fibers in the State of Illinois as a roofer.

4. The defendants are all corporations, none of which is incorporated in or has its principal place of business in the State of Illinois, and at all times relevant to the allegations contained herein were engaged in the business of designing, manufacturing, selling, and installing or removing asbestos and/or asbestos-containing products and/or asbestos-insulated equipment (hereinafter referred to as "asbestos products"). Please refer to the attached Exhibit A for the state of incorporation and principal place of business of each defendant.

5. Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States Code, §1332.

6. The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars, exclusive of interest and costs.

7. Venue is proper pursuant to Title 28, United States Code, §1391 since a majority of exposures took place in the Northern District of Illinois.

## GENERAL ALLEGATIONS

8. Decedent during the course of his employment at various job sites, including those listed on the attached Exhibit B, was exposed to asbestos dust or fibers emanating from the asbestos products which were sold, manufactured, distributed, packaged, installed or otherwise placed

into commerce by these defendants.

9. Decedent was ignorant of the dangerous nature of asbestos and of the nature of the risks incurred by workers working with or near said materials.

10. Decedent became aware of the asbestos-related condition and said condition was caused by defendants' wrongful conduct within the statute of limitations before the filing of this action.

11. Decedent died of colon cancer on October 9, 2006 as a result of exposure to asbestos. See death certificate attached as Exhibit "C."

12. Plaintiff Jean M. Jasinski brings this case on her own behalf and on behalf of decedent's next-of-kin, having been appointed Special Administrator of the Estate of Richard Jasinski.

13. Decedent left surviving his wife Jean M. Jasinski, who is his next-of-kin and has suffered great losses of personal and pecuniary nature, including the loss of companionship and society of the decedent.

14. Decedent suffered great pain, physical impairment, great mental pain and anguish, is liable for large sums of money for medical and hospital care, and suffered losses to his personal property and possessions.

## COUNT 1 - PRODUCTS LIABILITY - NEGLIGENCE

15. Plaintiff brings this count for negligence against all defendants and incorporates by reference all general allegations.

16. It was reasonably foreseeable by defendants that Plaintiff and other workers would be working with or in the proximity of defendants' asbestos products.

17. Defendants had a duty to exercise reasonable care for the safety of Decedent and others who worked with or were exposed to the defendants' asbestos products.

18. Defendants knew or in the exercise of ordinary or reasonable care ought to have known that

exposure to their asbestos products caused disease and/or death and that Decedent did not know that asbestos products were dangerous or harmful.

19. Notwithstanding the aforementioned duty, defendants, and each of them, were negligent by one or more of the following acts or omissions:

   a. Failed to adequately warn Decedent or others of the health hazards of asbestos;

   b. Failed to warn Decedent or others of the danger and harm of the asbestos after the products or equipment were installed at the premises;

   c. Failed to investigate or test for the health effects of asbestos prior to distribution and sale;

   d. Failed to instruct Decedent, his employers or others in the use of precautionary measures relating to asbestos-containing products and/or asbestos-insulated equipment; and/or

   e. Manufactured, supplied, or installed unsafe asbestos-containing products or asbestos-insulated equipment.

   f. Failed to protect decedent from exposures to asbestos.

20. As a direct and proximate result of the acts and omissions of the defendants above, Decedent was injured as described above.

## WRONGFUL DEATH

21. Plaintiff brings this count for wrongful death against all defendants and incorporates by reference all allegations 1 through 20 above.

22. Defendants' actions, jointly and severally, as described in the preceding paragraphs, caused the wrongful death of decedent and loss of society and companionship, funeral, medical and other expenses, pecuniary damages and other damages have been suffered by decedent and plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for relief as follows:

a. Judgement against defendants, jointly and severally, for compensatory and general damages including wrongful death of decedent and loss of society and companionship, funeral, medical and other expenses, pecuniary damages and other damages have been suffered by decedent and plaintiff.

b. Such further legal and equitable relief as the Court orders to do justice in this case; costs and disbursements of this action.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by a jury of 6.

Dated this 25th day of July, 2008.


    s/ Michael P. Cascino
One of the Plaintiff's Attorneys

MICHAEL P. CASCINO
CASCINO VAUGHAN LAW OFFICES, LTD.
220 S. Ashland Avenue
Chicago, Illinois 60607
312-944-0600
312-944-1870 fax

**Exhibit A**
**Defendants' Home States and Principal Places of Business**

| | | |
|---|---|---|
| A.W. Chesterton Company | Massachusetts | Massachusetts |
| Durabla Manufacturing Company | New York | Pennsylvania |
| Garlock Sealing Technologies | Ohio | Ohio |
| General Electric Company | New York | Connecticut |
| Georgia-Pacific Corporation | Georgia | Georgia |
| Goodrich Corporation | New York | North Carolina |
| Owens-Illinois Inc. | Delaware | Ohio |
| Quin-T Corporation - New Hampshire | New Hampshire | New Hampshire |
| Uniroyal Goodrich Tire Company | Ohio | Ohio |
| CBS Corporation | Delaware | Pennsylvania |

EXHIBIT B

Work History

Last:  Jasinski          First:  Richard

| SiteLocation | SiteCity | SiteSt | FirstYrId | LastYrId |
|---|---|---|---|---|
| Argo Starch | Argo | IL | 1977 | 1977 |
| Commonwealth Edison Will County | Romeoville | IL | 1975 | 1975 |
| Chemical Plant | | IL | 1960 | 1979 |
| Caterpillar Plant | Joliet | IL | 1951 | 1951 |
| US Steel | Joliet | IL | 1961 | 1961 |
| Texaco Refining & Marketing | Lockport | IL | 1957 | 1957 |
| Commonwealth Edison (Station 18) | Joliet | IL | 1973 | 1973 |
| Phoenix Manufacturing | Joliet | IL | 1953 | 1954 |
| Citgo Chemical | Lamont | IL | 1975 | 1981 |
| Stateline Generating Plant | | IL | 1979 | 1979 |
| Joliet Arsenal | Joliet | IL | 1956 | 1956 |
| Joliet Arsenal | Joliet | IL | 1960 | 1961 |
| Caterpillar Plant | Aurora | IL | 1972 | 1974 |

I HEREBY CERTIFY THAT the foregoing is a true and correct copy of the death record for the decedent named at item 1, and that this record was established and filed in my office in accordance with the provisions of the Illinois Vital Records Act.

DATE: OCT 1 0 2006    SIGNED: James E Zelko
AT: JOLIET, ILLINOIS 60433    OFFICIAL TITLE: REGISTRAR

The original record of this death is permanently filed with the ILLINOIS DEPARTMENT OF PUBLIC HEALTH at Springfield. County clerks and local registrars are authorized to make certifications from copies of the original record. The Illinois statutes provide that the certification of a death record by the Department of Public Health, local registrar or county clerk shall be prima facie evidence in all courts and places of the facts therein stated.

PRINTED BY THE AUTHORITY OF THE STATE OF ILLINOIS

**STATE OF ILLINOIS — MEDICAL CERTIFICATE OF DEATH**

DECEASED:
1. Name: Richard L Jasinski
2. Sex: Male
3. Date of Death: October 9, 2006
4. County of Death: Will
5a. City: Joliet
6a. Hospital: Provena St. Joseph Medical Center — Inpatient
6b. Age: 86
6c. Date of Birth: October, 1920
6d. Birthplace: Joliet, IL
7. Marital Status: Married
8a. Surviving Spouse: Jean M Dianni
11a. Occupation: Roofer
11b. Industry: Construction
10. Residence: 808 Sheila Drive, Joliet, IL 60435, Will County
13a. Race: White
13b. Hispanic Origin: No

PARENTS:
13a. Father: Anton Jasinski
13b. Mother: Sophie (Kapala)

INFORMANT: Jean M. Jasinski — wife — 808 Sheila Drive, Joliet, IL 60435

CAUSE OF DEATH:
Part I. (a) metastatic colon carcinoma
Approximate interval: 4 mos

CERTIFIER:
21a. Did not attend the deceased... 
22a. Signature: Brian Ragona M.D.
22c. 1050 Essington Rd, Joliet, 60435
Date signed: 10/10/06
Hour of death: 10:30 PM
Was coroner or medical examiner notified: No
Autopsy: No
23. License Number: 036-063543
Date signed: 10/13/2006

DISPOSITION:
25a. Burial
25b. Resurrection, Romeoville, IL 60435
25c. Funeral Home: Tezak Funeral Home, 1211 Plainfield Road, Joliet, IL 60435
Funeral Director License: 034-011648
Date Filed by Local Registrar: OCT 1 0 2006

Exhibit C