# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEAN M. JASINSKI, individually and as Special Administrator on behalf of the Estate of RICHARD JASINSKI, deceased,<br><br>    Plaintiff,<br><br>    v.<br><br>AW CHESTERTON COMPANY et al.,<br><br>    Defendants. | CASE NO.  08 CV 4237<br><br>JUDGE MANNING<br>MAGISTRATE JUDGE ASHMAN<br><br>IN RE: ASBESTOS LITIGATION |

## DEFENDANT GENERAL ELECTRIC COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT AT LAW

Defendant General Electric Company (hereinafter "General Electric"), by and through its attorneys, answers Plaintiff's Complaint at Law as follows:

1. Plaintiff Jean M. Jasinski is the surviving spouse of decedent, Richard Jasinski, is a citizen of Illinois and resides at 808 Sheria Drive, Joliet, IL 60435.

**ANSWER:** General Electric lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 and therefore denies same.

2. Decedent Richard Jasinski was an adult citizen and resident of Illinois.

**ANSWER:** General Electric lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 and therefore denies same.

3. Decedent, during his lifetime, was exposed to airborne asbestos fibers in the State of Illinois as a roofer.

**ANSWER:** General Electric lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 and therefore denies same.

4.  The defendants are all corporations, none of which is incorporated in or has its principal place of business in the State of Illinois, and at all times relevant to the allegations contained herein were engaged in the business of designing, manufacturing, selling, and installing or removing asbestos and/or asbestos-containing products and/or asbestos-insulated equipment (hereinafter referred to as "asbestos products"). Please refer to the attached Exhibit A for the state of incorporation and principal place of business of each defendant.

**ANSWER:** With respect to the allegations regarding defendants that are not General Electric, General Electric lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 and therefore denies same. General Electric admits that it is a corporation incorporated under the laws of the State of New York with its principal place of business in Fairfield, Connecticut. General Electric denies the remaining allegations in paragraph 4. General Electric further states that it has never been a seller, manufacturer, distributor, or packager of raw asbestos fiber.

5.  Jurisdiction is based on diversity of citizenship of the parties hereto under Title 28, United States Code, §1332.

**ANSWER:** General Electric makes no response to the allegations in paragraph 5 to the extent they state legal conclusions to which no response is required. General Electric lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 and therefore denies same as they pertain to General Electric.

6.  The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars, exclusive of interest and costs.

**ANSWER:** General Electric admits that plaintiff has alleged damages in excess of seventy-five thousand dollars. To the extent paragraph 6 is construed to state factual allegations directed at General Electric, General Electric denies such allegations.

7.  Venue is proper pursuant to Title 28, United States Code, §1391 since a majority of exposures took place in the Northern District of Illinois.

**ANSWER:** General Electric makes no response to the allegations in paragraph 7 to the extent they state legal conclusions to which no response is required. General Electric lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 and therefore denies same as they pertain to General Electric.

8. Decedent during the course of his employment at various job sites, including those listed on the attached Exhibit B, was exposed to asbestos dust or fibers emanating from the asbestos products which were sold, manufactured, distributed, packaged, installed or otherwise placed into commerce by these defendants.

**ANSWER:** General Electric makes no response to the allegations in paragraph 8 as they do not pertain to this defendant. To the extent that any allegations in this paragraph are made with respect to General Electric, they are denied. General Electric further states that it has never been a seller, distributor, or packager of raw asbestos fiber.

9. Decedent was ignorant of the dangerous nature of asbestos and of the nature of the risks incurred by workers working with or near said materials.

**ANSWER:** General Electric lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 and therefore denies same.

10. Decedent became aware of the asbestos-related condition and said condition was caused by defendants' wrongful conduct within the statute of limitations before the filing of this action.

**ANSWER:** General Electric lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and therefore denies same and demands strict proof thereof. General Electric denies any remaining allegations in paragraph 10 as they pertain to General Electric.

11. Decedent died of colon cancer on October 9, 2006 as a result of exposure to asbestos. See death certificate attached as Exhibit "C."

**ANSWER:** General Electric admits that plaintiff has attached the above-referenced document, but lacks knowledge or information sufficient to form a belief as to the authenticity of said document. General Electric lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and therefore denies same.

12. Plaintiff Jean M. Jasinski brings this case on her own behalf and on behalf of decedent's next-of-kin, having been appointed Special Administrator of the Estate of Richard Jasinski.

**ANSWER:** General Electric makes no response to the allegations in paragraph 12 to the extent they state only legal conclusions to which no response is required. General Electric lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations in paragraph 12 and therefore denies same.

13. Decedent left surviving his wife Jean M. Jasinski, who is his next-of-kin and has suffered great losses of personal and pecuniary nature, including the loss of companionship and society of the decedent.

**ANSWER:** General Electric lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies same.

14. Decedent suffered great pain, physical impairment, great mental pain and anguish, is liable for large sums of money for medical and hospital care, and suffered losses to his personal property and possessions.

**ANSWER:** General Electric lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and therefore denies same.

15. Plaintiff brings this count for negligence against all defendants and incorporates by reference all general allegations.

**ANSWER:** In response, General Electric adopts and reasserts its responses to paragraphs 1 through 14 above as though fully set forth herein.

4

16. It was reasonably foreseeable by defendants that Plaintiff and other workers would be working with or in the proximity of defendants' asbestos products.

**ANSWER:** General Electric makes no response to the allegations in paragraph 16 to the extent they state only legal conclusions to which no response is required. General Electric denies any remaining allegations in paragraph 16 as they pertain to General Electric.

17. Defendants had a duty to exercise reasonable care for the safety of Decedent and others who worked with or were exposed to the defendants' asbestos products.

**ANSWER:** General Electric makes no response to the allegations in paragraph 17 to the extent they state only legal conclusions to which no response is required. General Electric denies any remaining allegations in paragraph 17 as they pertain to General Electric.

18. Defendants knew or in the exercise of ordinary or reasonable care ought to have known that exposure to their asbestos products caused disease and/or death and that Decedent did not know that asbestos products were dangerous or harmful.

**ANSWER:** General Electric makes no response to the allegations in paragraph 18 to the extent they state only legal conclusions to which no response is required. General Electric denies any remaining allegations in paragraph 18 as they pertain to General Electric.

19. Notwithstanding the aforementioned duty, defendants, and each of them, were negligent by one or more of the following acts or omissions:

   a. Failed to adequately warn Decedent or others of the health hazards of asbestos;
   b. Failed to warn Decedent or others of the danger and harm of the asbestos after the products or equipment were installed at the premises;
   c. Failed to investigate or test for the health effects of asbestos prior to distribution and sale;
   d. Failed to instruct Decedent, his employers or others in the use of precautionary measures relating to asbestos-containing products and/or asbestos-insulated equipment; and/or
   e. Manufactured, supplied, or installed unsafe asbestos-containing products or asbestos-insulated equipment.
   f. Failed to protect decedent from exposures to asbestos.

5

**ANSWER:**   General Electric denies each and every allegation in paragraph 19 as they pertain to General Electric, including but not limited to the allegations set forth in subparagraphs (a) through (f).

20.  As a direct and proximate result of the acts and omissions of the defendants above, Decedent was injured as described above.

**ANSWER:**   General Electric denies the allegations in paragraph 20 as they pertain to General Electric.

21.  Plaintiff brings this count for wrongful death against all defendants and incorporates by reference all allegations 1 through 20 above.

**ANSWER:**   In response, General Electric reasserts its responses to paragraphs 1 through 20 above as though fully set forth herein.

22.  Defendants' actions, jointly and severally, as described in the preceding paragraphs, caused the wrongful death of decedent and loss of society and companionship, funeral, medical and other expenses, pecuniary damages and other damages have been suffered by decedent and plaintiff.

**ANSWER:**   General Electric denies the allegations in paragraph 22 as they pertain to General Electric.

## **SEPARATE AND AFFIRMATIVE DEFENSES**

NOW COMES General Electric, and in further answer and defense to Plaintiff's Fourth Amended Complaint at Law, asserts the following Separate and Affirmative Defenses:

1. Plaintiff has failed to state a claim upon which relief may be granted.

2. Plaintiff has failed to provide a reasonable statement of a claim for relief against General Electric. General Electric does not have reasonable notice of the time, place, nature, and manner of the claimed wrongs by General Electric. Therefore, plaintiff has failed to state a claim against General Electric upon which relief can be granted.

3. If plaintiff and/or plaintiff's decedent sustained any injuries or damages, which General Electric denies, then such injuries or damages were solely or proximately caused by, or contributed to by the negligence of plaintiff and/or plaintiff's decedent which either bars or reduces plaintiff's claims herein in an amount to be determined by the trier of fact.

4. If plaintiff and/or plaintiff's decedent sustained any injuries or damages, which General Electric denies, then such injuries or damages were solely and proximately caused by the plaintiff and/or plaintiff's decedent when the plaintiff and/or plaintiff's decedent assumed and voluntarily exposed him/herself to specific and appreciated risks pursuant to the doctrines of <u>volenti non fit injuria</u> and assumption of risk, for which plaintiff and/or plaintiff's decedent is barred from receiving damages, or, in the alternative, for which recovery is reduced.

5. If plaintiff and/or plaintiff's decedent sustained any injuries or damages as alleged in the Complaint at Law, all of which General Electric specifically denies, then such injuries and damages were caused or contributed to by reason of the negligence of said plaintiff and/or plaintiff's decedent, by reason of, but not limited to, said plaintiff's and/or plaintiff's decedent's

failure to wear a respirator, engage in safe work practices or to protect him/herself adequately from risk of harm.

6.	If plaintiff and/or plaintiff's decedent sustained any injury as alleged, which is denied, the same resulted, upon information and belief, from plaintiff's and/or plaintiff's decedent's own negligence in failing to care for his/her own health by using tobacco products over an extended period of time.  The use of said tobacco products is the sole, direct and proximate cause, or a contributing cause, of the alleged injury or damage, if any, about which plaintiff and/or plaintiff's decedent complains.

7.	If plaintiff and/or plaintiff's decedent sustained any injuries or damages, which General Electric denies, then such injuries or damages were caused by unauthorized, unintended, or improper use of the products complained of, and as a result of the failure to exercise reasonable and ordinary care, caution and vigilance for which General Electric is not liable or not responsible.

8.	If plaintiff and/or plaintiff's decedent sustained any injuries or damages as alleged in the Complaint, which General Electric denies, then such injuries and damages were caused by the intervening and superseding conduct of the parties over whom General Electric had no authority or control, and are not recoverable as against General Electric.

9.	If plaintiff and/or plaintiff's decedent sustained any injuries or damages, which General Electric denies, then such injuries or damages were due solely or in part to the failure of plaintiff's and/or plaintiff's decedent's employer or employers to take adequate precautions and provide plaintiff and/or plaintiff's decedent with a safe place to work.

10.     If plaintiff and/or plaintiff's decedent sustained any injury or damage, which is denied, then such injury or damage was proximately caused or contributed to by exposure to and inhalation of noxious and deleterious fumes and residues from industrial products and by-products prevalent on plaintiff's and/or plaintiff's decedent's job sites and substances other than those manufactured or sold by General Electric, if any, and by cumulative exposure to all types of environmental and industrial pollutants of air and water.

11.     If at the time of trial General Electric is held accountable for any asbestos-containing products, plaintiff's and/or plaintiff's decedent's exposure to asbestos, if any, was of a <u>de minimis</u> nature and could not within a reasonable degree of medical certainty be the legal and/or proximate cause of plaintiff's and/or plaintiff's decedent's injuries.

12.     Any asbestos-containing products for which General Electric might be held legally accountable and which plaintiff and/or plaintiff's decedent used or was exposed to, if any, were not in the same condition as when they were sold, having been materially altered after the sale and prior to the use or exposure as alleged.

13.     If it is proven at the time of trial that any asbestos-containing products for which General Electric might be held legally accountable were manufactured, furnished and supplied as alleged in plaintiff's Complaint at Law, and if said products were used in the fashion alleged, all of which on information and belief is denied, then any such product was so manufactured, furnished, supplied and/or sold in strict conformity with the prevailing standard of medical art and the prevailing standards of the industry.

14.     If it is proven at the time of trial that any asbestos-containing products for which General Electric might be held legally accountable were manufactured, furnished and  supplied as alleged

in plaintiff's Complaint at Law, and if said products were used in the fashion alleged, all of which on information and belief is denied, then any harm to plaintiff and/or plaintiff's decedent which may have been caused by exposure to such products was caused after the expiration of the useful safe lives of such products, for which General Electric is not subject to liability.

15.  At all times material to plaintiff's claims, the state of medical and scientific knowledge did not provide General Electric with either knowledge or reason to know of a foreseeable risk of harm to plaintiff and/or plaintiff's decedent.

16.  There should be no recovery against General Electric because of any failure to warn or inadequacy of warning because, upon information and belief, at all times pertinent to plaintiff's claims, said plaintiff and/or plaintiff's decedent was possessed of or should have been possessed of good and adequate knowledge, which negated any need for said warning, and was required to follow specific written safety procedures as established by his/her employers, which negated the need or requirement for any such warning.

17.  Plaintiff's and/or plaintiff's decedent's employers were, upon information and belief, so experienced and sophisticated that no duty to warn existed.

18.  There should be no recovery because, upon information and belief, plaintiff and/or plaintiff's decedent failed to mitigate damages as required by law.

19.  There should be no recovery against General Electric for medical expenses incurred in the case, including diagnosis or treatment of any injury to plaintiff and/or plaintiff's decedent, if any, because said plaintiff's and/or plaintiff's decedent's employers are obligated under the worker's compensation laws of the states of plaintiff's and/or plaintiff's decedent's residence to

pay for said plaintiff's and/or plaintiff's decedent's medical expenses which were incurred by said plaintiff and/or plaintiff's decedent as a result of this occurrence, or because said plaintiff and/or plaintiff's decedent is entitled to receive benefits form private or public health insurance programs, health benefit plans, or other sources of health benefits, which are responsible for the payment of all past, present and/or future medical expenses.

20.   If it is proven at the time of trial that General Electric is liable for damages, if any, to plaintiff and/or plaintiff's decedent, said liability is not sole but rather proportionate or alternatively joint and several between or among General Electric and one or more of the other defendants, and consequently, General Electric is entitled to have its liability, if any, limited to its proximate share, or alternatively is entitled to contribution and/or indemnity from such other defendant or defendants based on comparative fault and/or vicarious liability.

21.   If plaintiff and/or plaintiff's decedent have heretofore settled or should hereafter settle or have any judgment rendered in their favor for any of his/her alleged injuries and damages with any entity, then General Electric is entitled to a set-off in the amount of said settlement or judgment.

22.   Plaintiff's and/or plaintiff's decedent's claims are barred by applicable statutes of limitation and/or statutes of repose.

23.   Plaintiff's and/or plaintiff's decedent's claims are barred by unclean hands, laches and/or waivers.

24.   General Electric reserves the right to assert any additional defenses of which it may learn through discovery.

WHEREFORE, Defendant General Electric Company prays that judgment be entered in its favor and against Plaintiff, that Plaintiff take nothing thereby, and that Defendant be awarded its costs incurred by reason of this suit.

Dated: August 22, 2008                                                   General Electric Company


                                                                          By:      s/ Kate J. Grossman
                                                                                    One of Its Attorneys

Maja C. Eaton
Edward P. Kenney
Kate J. Grossman
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois  60603
(312) 853-7000

## CERTIFICATE OF SERVICE

  The undersigned attorney hereby certifies that she caused a copy of the foregoing Notice of Filing and Defendant General Electric Company's Answer and Separate and/or Affirmative Defenses to Plaintiff's Complaint at Law to be served upon all other counsel of record, per the attached Service List, via U.S. Mail, on this 22nd day of August, 2008.

                /s Kate J. Grossman

**SERVICE LIST**

JEAN M. JASINSKI, Individually and as Special Administrator on Behalf of the
Estate of *RICHARD JASINSKI* v. AW Chesterton Company, et al., Case No. 08 CV 4237

| | |
|---|---|
| Jacqueline J. Herring | William F. Mahoney, Esq. |
| Robert G. McCoy | Kathleen McDonough, Esq. |
| Cascino Vaughan Law Offices, Ltd. | Segal, McCambridge, Singer & Mahoney |
| 220 South Ashland Ave. | Sears Tower – Suite 5500 |
| Chicago, IL 60607 | 233 South Wacker Drive |
| *Attorney for* Plaintiff | Chicago, IL 60606 |
| | *Attorney for* AW Chesterton Company, Garlock Sealing Technologies |
| Demetra Arapakis Christos | |
| Foley & Mansfield, P.L.L.P. | |
| 39 S. LaSalle, Suite 1110 | John S. McCollough |
| Chicago, IL 60603 | Douglas P. Roller |
| *Attorney for* CBS Coroporation | Allison price-Appel |
| | Helfrey, Simon & Jones |
| | 120 S. Central Avenue |
| Eric F. Quandt | St. Louis, MO 63105 |
| Pugh, Jones, Johnson & Quandt, P.C. | *Attorney for* Durabla Manufacturing Company |
| 180 North LaSalle Street, Suite 3400 | |
| Chicago, Illinois 60601-2807 | Mark G. Zellmer |
| *Attorney for* Georgia Pacific Corp. | Joseph H. Guffey |
| | Steven B. Beshore |
| Joseph O'Hara, Jr. | Husch Blackwell Sanders LLP |
| Schiff, Hardin & Waite, LLP | 190 Carondelet Plaza, Suite 600 |
| 6600 Sears Tower | St. Louis, MO 63105 |
| 233 South Wacker Drive | *Attorney for* Goodrich Corporation |
| Chicago, IL 60606-6473 | |
| *Attorney for* Owens Illinois Inc. | |

Unknown Counsel:
Quin-T Corporation, Uniroyal Goodrich Tire